IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| GE HARRIS RAILWAY ELECTRONICS, L.L.C., and GE-HARRIS RAILWAY ELECTRONICS SERVICES, L.L.C., <br><br> Plaintiffs, <br><br> v. <br><br> WESTINGHOUSE AIR BRAKE COMPANY, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) Civil Action No. 99-070-GMS |

## ORDER

1.  On August 18, 2004, the court issued a Memorandum Opinion (D.I. 274) and Order (D.I. 275) granting GE Transportation Services Global Signaling, LLC's ("GETS") motion for contempt and directing it to file a motion seeking reasonable attorneys' fees. On September 1, 2004, GETS filed a Motion for Award of Attorneys' Fees (D.I. 276), as well as an accompanying memorandum (D.I. 277) in support of its motion, and declarations from Frederick L. Cottrell, III ("Cottrell") (D.I. 278), Kenneth E. Krosin ("Krosin") (D.I. 279), Timothy R. DeWitt ("DeWitt") (D.I. 280), and Charles D. Ossola ("Ossola) (D.I. 281).[1]

2.  GETS' motion asserts that a total of $1,380,776.42 in attorneys' fees and related expenses is a reasonable award in light of the complexity of the issues litigated at the contempt hearing, the length of the proceedings leading to the evidentiary hearing, and the below-market rates charged by Arnold & Porter LLP for much of its work on the case as lead counsel. (D.I. 277, at 1.) GETS' motion further states that the descriptions of the work done

---

[1] GETS subsequently filed a revised memorandum (D.I. 297) in support of its motion, a corrected Ossola declaration (D.I. 298) and a supplemental DeWitt declaration (D.I. 299), on April 5, 2005.

        for each time entry in the billing statements it served on Westinghouse Air Brake Company ("Wabtec") have been redacted to protect the attorney-client and work product privileges, but that it has submitted a complete and unredacted set of exhibits to the court for *in camera* review. (*Id.* at 2.)

3. On September 15, 2004, Wabtec filed a Memorandum in Opposition (D.I. 289) to GETS' motion for an award of attorneys' fees. In its opposition, Wabtec contends that GETS served it with only redacted versions of its attorneys' fee and expense invoices that did not indicate how much of the partner, associate and paralegal time was dedicated to specific tasks regarding its preparation and advancement of the contempt motion. (D.I. 289, at 12.) Wabtec further contends that because GETS provided it with only limited information, it is precluded from objecting specifically to the amounts of time expended on any particular tasks. (*Id.* at 13.) Lastly, Wabtec contends that the court will have to "sift through those [GETS'] invoices in an attempt to assess their reasonableness . . . without any specific input of comment from Wabtec." (*Id.* n.16.)

4. On September 22, 2004, GETS filed a Reply Memorandum (D.I. 291) to Wabtec's opposition, asserting that Wabtec's objection to the redacted time entries "lacks a credible foundation," because Wabtec was provided with month-to-month breakdowns of "every hour billed by GETS' lawyers [and legal personnel] and every expense charged to it." (D.I. 291, at 9.) According to GETS, based on its redacted time entries and Wabtec's "intimate knowledge of every phase of the case, it would not have been difficult for Wabtec's lawyers to arrive at an approximation of how much time was spent in each phase of the case." (*Id.*)

5. After having considered the parties' submissions, the court concludes that GETS has placed Wabtec at a distinct disadvantage by not providing unredacted copies of its billing invoices to Wabtec's counsel. The court agrees with the contention that it is left to sift through GETS' invoices without input from Wabtec, and further concludes that it is not in a position, nor should GETS assume that it is in a position, to expend its limited resources parsing through hundreds of pages of billing invoices to attempt to determine whether they are reasonable.

Therefore, IT IS HEREBY ORDERED that:

1. GETS shall provide to Wabtec's attorneys one set of unredacted copies of the billing invoices it has submitted to the court, with disclosure "limited to members and employees of the firm of trial counsel who have entered an appearance, and . . . have been admitted pro hac vice,"[2] in accordance with District of Delaware Local Rule 26.2 (1995), within five (5) business days of the date of this Order.

2. Wabtec's attorneys shall not make any copies of the set of unredacted billing invoices, and shall return the documents to GETS after responding to GETS' motion for attorneys' fees and expenses.

3. Wabtec shall file a response to GETS' motion for attorneys' fees and expenses no later than ten (10) business days after it receives the unredacted billing invoices.

---

[2] District of Delaware Local Rule 26.2 (1995).

4.     GETS shall file a reply brief to its motion no later than ten (10) business days after Wabtec files its responsive brief.

Dated: September 26, 2005             /s/ Gregory M. Sleet
                                                       UNITED STATES DISTRICT JUDGE